UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNDI SERO KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-2991-C (BT) |
| | § | |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations of the Social Security Administration,[1] | § § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b). On October 30, 2017, Plaintiff Cyndi Sero King, proceeding *pro se*, filed this social security appeal alleging that a portion of her social security benefits has been wrongfully withheld. Compl. 1-4 [ECF No. 3]. Before the Court is Defendant Nancy A. Berryhill, Deputy Commissioner for Operations of the Social Security Administration's Motion to Dismiss [ECF No. 13], filed on January 19, 2018. Plaintiff failed to file a response, and the time to do so has passed. For the reasons discussed herein, the District Court should GRANT the Motion to Dismiss.

---

[1] Nancy A. Berryhill returned to her position as the Deputy Commissioner for Operations of the Social Security Administration in November of 2017. *See* https://www.ssa.gov/agency/commissioner.html.

1

## **DISCUSSION**

In the Motion to Dismiss, the Deputy Commissioner asks the Court to dismiss this case, because Plaintiff has not received the final decision necessary to obtain judicial review by a district court under 42 U.S.C. § 405(g). *See* Mot. 1. The Deputy Commissioner submits the declaration of Cristina Prelle, Chief of Court Case Preparation and Review, Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. *See* Prelle Decl. 1 [ECF No. 13-1]. Ms. Prelle states in her declaration the following:

(a)   Plaintiff filed a claim for Title II disability benefits on March 30, 2009, and on May 11, 2009, the agency determined that Plaintiff was disabled since December 31, 2007;

(b)   Plaintiff was sent a notice dated September 6, 2017, which explained that her social security check would be reduced, because the state of Texas will not pay Plaintiff's Medicare Part B premiums after July of 2017. This notice advised Plaintiff of her right to appeal within 60 days, but there is no record of an appeal filed by Plaintiff; and

(c)   Plaintiff was sent a second notice dated September 27, 2017, which explained that her payments have changed for the period beginning in September of 2017. This notice advised Plaintiff of her right to appeal within 60 days, but there is no record of an appeal filed by Plaintiff.

Prelle Decl. 2-3. The September 6, 2017, and September 27, 2017, notices are attached to Plaintiff's Complaint. *See* Compl. [ECF No. 3 at 14-15 & 23-24]. In consideration of the foregoing, the Deputy Commissioner asks the Court to dismiss this case, because the Court lacks subject matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies. *See* Mot. 1 & 3.

"Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution." *Brown v. Peterson*, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). "A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction." *Peterson*, 2006 WL 349805, at *4. Therefore, a "case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Peterson*, 2006 WL 349805, at *4 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the courts resolution of disputed facts." *Peterson*, 2006 WL 349805, at *4 (citing *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001)). "There are two types of challenges to a court's subject matter jurisdiction under Rule 12(b)(1): 'facial' attacks and 'factual' attacks." *Peterson*, 2006 WL 349805, at *4 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Brooks v. Snow*, 313 F. Supp. 2d 654, 658 (S.D. Tex. 2004)). "A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges jurisdiction based solely on the pleadings."

3

*Peterson*, 2006 WL 349805, at *4 (citing *Weinberger*, 644 F.2d at 523). "When ruling on a facial attack, the court must presume that factual allegations in the complaint are true and determine whether they establish subject matter jurisdiction." *Peterson*, 2006 WL 349805, at *4 (citing *Weinberger*, 644 F.2d at 523). "By contrast, a Rule 12(b)(1) motion presents a factual attack when the motion is accompanied by supporting evidence that contradicts the jurisdictional allegations in the complaint." *Id.* "In a factual attack, the plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction." *Peterson*, 2006 WL 349805, at *4 (citing *Weinberger*, 644 F.2d at 523).

Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action . . . . in the district court of the United States[.]" 42 U.S.C. § 405(g). Furthermore, Section 405(h) states that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). The Social Security "Act does not define 'final decision,'" but leaves "it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). "SSA regulations provide that, if the Appeals Council

4

grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Apfel*, 530 U.S. at 106. However, if "the Council denies the request for review, the ALJ's opinion becomes the final decision." *Id.* (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a)). If the "claimant fails to request review from the Council, there is no final decision and as a result, no judicial review in most cases." *Apfel*, 530 U.S. at 106 (citing 20 C.F.R. § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Apfel*, 530 U.S. at 106 (citing *Salfi*, 422 U.S. at 765-66).

    As argued by the Deputy Commissioner, the record demonstrates that the Court lacks subject matter jurisdiction in this case, because Plaintiff failed to obtain a final decision by filing an administrative appeal. Furthermore, Plaintiff failed to file a response to the Deputy Commissioner's motion to dismiss and satisfy her burden on the issue of jurisdiction. *See Peterson*, 2006 WL 349805, at *4 ("The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists." (citing *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 879 (N.D. Tex. 1998))). Plaintiff's *pro se* status does not excuse her failure to meet the threshold requirement to show jurisdiction is proper. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. . . . Rather, such a litigant

5

acquiesces in and subjects himself to the established rules of practice and procedure." (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *Larkin v. United Ass'n of Plumbers & Pipefitters*, 338 F.2d 335, 336 (1st Cir. 1964); *United States v. Fowler*, 605 F.2d 181, 183 (5th Cir. 1979))). Therefore, this case should be dismissed without prejudice for lack of subject matter jurisdiction. *See Hamlett v. Ashcroft*, 2004 WL 813184, at *2 (N.D. Tex. Apr. 14, 2004) ("When the court dismisses because the plaintiff lacks subject matter jurisdiction, that dismissal 'is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))).

## RECOMMENDATION

For the foregoing reasons, the District Court should GRANT the Deputy Commissioner's Motion to Dismiss [ECF No. 13], and dismiss this case without prejudice.

SO RECOMMENDED.

April 18, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

 The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).